# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| FRANCES ROBBINS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV614-095 |
| OWNERS INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court in this insurance coverage dispute is plaintiff Frances Robbins' motion to compel her homeowners insurance company to produce, *inter alia*, its claims-adjustment based documentation. Doc. 41. Briefly, she sued Owners Insurance Company (OIC) because, she alleged, it breached its policy contract by failing to pay her vandalism and fire loss claims on her Statesboro, Georgia home. Doc. 13; *see also* doc. 56 at 1. OIC denies this, doc. 27 at 3, and opposes much of her written discovery. Doc. 43. Plaintiff's motion, it contends, has failed to

comply with S.D. Ga. Loc. R. 26.5's presentation[1] and duty-to-confer requirements.[2] Doc. 43. Also, she seeks work product if not also privileged documents (OIC has generated a "privilege log"). Robbins has failed to show, OIC further contends, "substantial need" for the work product documents that she seeks. Finally, much of what she wants falls outside of Fed. R. Civ. P. 26's otherwise-broad definition of relevancy.[3] *Id.*

---

[1] Robbins must "quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken." Local Rule 26.5(a). She also must "include the specific ground for the motion or objection; and . . . include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific . . . request for production and may not be stated generally." Local Rule 26.5(b)-(c).

[2] Local Rule 26.5(c) reminds attorneys "that Fed. R. Civ. P. 26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court." "That rule is enforced." *Hernandez v. Hendrix Produce, Inc.*, 2014 WL 953503 at * 1 (S.D. Ga. Mar. 10, 2014). And the conference must be meaningful, consistent with the context and complexity level of each case. *Hernandez v. Hendrix Produce, Inc.*, 297 F.R.D. 538, 540 (S.D. Ga. 2014); *State Farm Mut. Auto. Ins. Co. v. Howard*, 296 F.R.D. 692, 697 (S.D. Ga. 2013).

[3] Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *Avalon Risk Management Ins. Agency v. Taylor*, 2014 WL 808156 at * 3 (S.D. Fla. Feb. 28, 2014). "The standard for what constitutes relevant evidence is a low one." *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002).

OIC couples its response with an *in-brief* (as opposed to separate motion) request for a protective order "for all of the documents identified in [OIC's] privilege log and those documents demanded by [p]laintiff in her Motion." Doc. 43 at 23.[4] Finally, it seeks "reasonable attorney's fees and costs in opposing [the m]otion and to deter [p]laintiff's counsel from engaging in similar frivolous, vexatious, and harassing behavior in the future. *See* Fed. R. Civ. Pro. 37(a)(5)(B)." *Id.* at 24.

OIC also moves for complete summary judgment against the plaintiff. Doc. 49. There it contends, *inter alia*, that the policy's coverage was not triggered by the fire loss because she was not residing in the home when it was burned. Doc. 49-1 at 6-15. Also, Robbins cannot support her damages claim. *Id.* at 15-23. Nor, finally, can plaintiff establish the legal elements to support her bad-faith claim against OIC. *Id.* at 23-25. Robbins opposes. Doc. 56.

The summary-judgment motion is before the district judge, while the motion to compel is before the undersigned. A review of the summary judgment briefs reveals that this discovery dispute may well be

---

[4] This is not a separate motion, as required by Fed. R. Civ. P. 7(b)(1), but a request inside of a brief. All "request[s] for court order[s] must be made by motion." Rule 7(b)(1). Motions get docketed and placed on the Court's "pending motions" list so that they are addressed, rather than overlooked. Counsel must abide Rule 7(b)(1).

3

mooted should OIC prevail on summary judgment. For that matter, Robbins did not cite the need for this discovery, much less Fed. R. Civ. P. 56 (d) ("When Facts Are Unavailable to the Nonmovant"), in contesting OIC's summary judgment motion. *See* doc. 56.

Plaintiff Frances Robbins' motion to compel (doc. 41) is therefore **DENIED** without prejudice to renew it after the district judge rules on OIC's summary judgment motion. At that time, however, she must comply with the rules. *See supra* n. 1 & 2. Likewise, the defendant can then renew its protective order and Rule 37 fee request -- in a *motion*.

**SO ORDERED**, this 24th day of June, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4